DIANA SHOOTING CLUB, Appellant, vs. KOHL, Respondent.

*February 6—February 24, 1914.*

*Trespass: Hunting and fishing: "Wild" land: Nominal damages: Costs: Appeal from justice's court.*

1. In general, nominal damages suffice for the vindication of a legal title or right.

2. Although in this case nominal damages seem inadequate to vindicate plaintiff's right as against an intentional trespasser who shot ducks upon land leased and used by plaintiff for purposes of hunting and fishing and of breeding and preserving game and fish, yet, there having been no proof of other damage and the trial court not having exercised its discretion to set aside the verdict, this court does not feel authorized to interfere on the ground of such inadequacy.

3. "Wild" land, within the meaning of sec. 3575m, Stats. (relating to costs in actions for trespass by hunting or fishing on "wild and uninclosed lands"), is land in a state of nature, uninhabited, unoccupied, and uncultivated, and not in use by the owner, his agent or lessee, for any artificial purpose. Marsh land, however extensive, which is leased and used by a shooting club as a feeding and breeding place for wild fowl and for purposes of hunting and fishing, and which, though uninclosed, is surrounded by cultivated farms, is not "wild" land.

4. In an action in justice's court for trespass upon lands not within the purview of said sec. 3575m, Stats., it was error to limit the costs against the defendant to a sum equal to the damages awarded, which were nominal.

5. Where, in such case, upon appeal from the justice's judgment there was a new trial in the circuit court and plaintiff failed to obtain a more favorable judgment of damages, defendant was entitled to costs, under sec. 2925, Stats., and plaintiff cannot complain of a judgment in its favor for costs equal to the nominal damages recovered.

APPEAL from a judgment of the circuit court for Dodge county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Doe & Ballhorn,* and oral argument by *J. B. Doe.*

For the respondent there was a brief by *C. M. Davison,* attorney, and *Paul O. Husting,* of counsel, and oral argument by *Mr. Husting.*

TIMLIN, J. The plaintiff brought an action of trespass against the defendant in justice's court, where a jury awarded it six cents damages. The plaintiff appealed to the circuit court and another jury awarded the same amount of damages. Each of these courts considered itself controlled by sec. 3575m, Stats., which reads as follows:

"The taxable costs in any action brought by the owner of any wild and uninclosed lands against any person for trespass by hunting or fishing thereon, shall in no case exceed the damages awarded such owner for the actual injury caused by such trespass."

The plaintiff's first contention on appeal to this court is that the verdict should have been set aside by the circuit court because the damages are inadequate. It appeared from a lease in evidence that the plaintiff was lessee of said land, with the sole and exclusive right, license, permission, and authority to occupy, use, and enjoy the same for the purposes of hunting, fishing, trapping, breeding, and preserving game, fish, wild animals, and wild fowl, and was required to pay a rental of $1,200 per year therefor and authorized and permitted to maintain a dam at a designated point. No other evidence was offered by the plaintiff because of an admission in the answer that the defendant did hunt upon the land in question. The defendant in his own behalf testified that he was on the land a couple of hours and shot one or two ducks; that they were uninclosed lands and what he should call wild lands; that he went there for no other purpose, and when he started out he knew he was going onto the lands of the *Diana Shooting Club* for the purpose of hunting. This land was part of a very large marsh surrounded by well cultivated, fertile farms, but not cultivated or inclosed.

The learned circuit judge might no doubt, in his discretion, have set aside the verdict and granted a new trial. The amount of damages found seems to be inadequate to vindicate the right of the plaintiff as against an intentional trespasser. Had the plaintiff offered evidence showing that such tres-

pass and shooting frightened away wild fowl and had a tend-
ency to injure the place as a breeding habitat or a rendez-
vous for feeding or for any other purpose having relation to
the gregarious nature of the fowl or that of animals congre-
gating there, we think the damages would have been obviously
inadequate. But there was no other proof of damages made
than that above mentioned, and we do not feel authorized
under such circumstances in setting aside the verdict because
of inadequate damages. Weight must be given to the exer-
cise of his discretion by the court below, and it has been for
a long time considered to be the law that nominal damages
suffice for the vindication of a legal title or right.

Appellant next argues that the case is not within the cost
statute above quoted. The land was uninclosed, but the stat-
ute quoted, in order to limit the plaintiff as above stated, re-
quires that the land be both wild and uninclosed. Wild land
is land in a state of nature, uninhabited, unoccupied, and un-
cultivated, and not in use by the owner, his agent or lessee,
for any artificial purpose. We do not think the marsh prop-
erty of a shooting club however extensive, used as a feeding
and breeding place for wild fowl and for the purposes of
hunting during the lawful hunting season and surrounded by
cultivated farms, is wild land within the meaning of this
statute. Such land is inhabited and occupied so far as the
nature of the property will permit and the use to which it is
put. At such seasons in which occupancy or habitation for
the purpose of hunting is lawful this must be very obvious.
It would be quite extreme to say that a piece of marsh land
for which a rental of $1,200 per year is paid for the purpose
of fishing and hunting, trapping, breeding, and preserving
game, wild animals, and wild fowl thereon is wild land
within the meaning of this statute. We should not construe
this statute so as to discriminate against the plaintiff or other
persons making a similar use of uninclosed marsh lands, such
as cutting hay thereon during the season, nor so as to prevent
plaintiff from effectually protecting its property rights, un-

less we are absolutely required by the words of the statute to do so. Then the statute would be of doubtful validity. *Durkee v. Janesville,* 28 Wis. 464. It is one thing to limit the costs in actions for trespass committed in hunting on wild lands, that is, lands unoccupied and uninhabited at all times and in a state of nature and not devoted to any particular use, and quite another to limit the costs for trespass by hunting on lands devoted by the owner or lessee to the breeding and hunting of wild fowl, while allowing costs to all other persons for trespasses affecting the use to which their property is devoted. The lands in question do not belong in the class of wild lands or lands in a state of nature, but are lands devoted to a particular purpose of the owner which is interrupted and specially injured by that kind of trespass here complained of. The costs added to nominal damages may suffice for the protection of plaintiff's property; nominal damages with only as much costs as damages would not. So the justice should have taxed full costs against the defendant. If the plaintiff had appealed from the justice's judgment merely on the record as there made and there was no new trial in the circuit court, plaintiff could have had the error of the justice corrected and could have collected the costs of both courts. But there was a new trial upon appeal, and in such case the plaintiff, not having obtained a more favorable judgment of damages than that from which it appealed, was not entitled to costs, but the defendant was so entitled. Sec. 2925, Stats. We therefore hold that the judgment of the justice and that of the circuit court were both erroneous in the matter of costs, but that the error has not prejudiced the appellant because its title is vindicated and it pays less costs than it would had the proper judgment been entered in circuit court.

*By the Court.*—Judgment affirmed.

BARNES, J., took no part.